

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Baker
County Auditor
Lamar County
Paris, Texas

Dear Sir:

> Opinion Number O-5174
> Re: Disposition of money received
> for sale of common school dis-
> trict schoolhouse and site
> where entire district was
> taken by Federal Government
> for army camp.

We have received your letter of March 31, 1943,
which we quote in part as follows:

"When our army camp, Camp Maxey, was located
in Lamar County, it was necessary for a certain
common school district, which was located with-
in the bounds of this camp to sell it's plot of
land to the U. S. Government for it's use.

"The County Superintendent of Public Schools
has received the money for this land belonging
to said school district. Will it be lawful to
deposit this money to the credit of the Lamar
County Permanent School Fund?"

The following excerpts are from your letters of
April 9 and April 14, 1943, respectively:

"You ask me to advise you whether or not the
entire common school district was located within

Honorable John S. Baker, page #2

the bounds of the army camp. The school dis-
trict is wholly within the bounds of the army
camp, Camp Maxey. This made it necessary to
abandon the school and to sell the land and
house."

" * * * there are no outstanding bonds
against this common school district, District
75, Lamar County, Texas, the last bonds having
been paid on April 10th 1940. The amount re-
ceived for the schoolhouse and site was Eleven
Hundred (1100) Dollars."

Article 2755, Revised Civil Statutes, governs the
sale of school property by a common school district. R. B.
Spencer & Co. v. Brown, 198 S. W. 1179. That article reads
as follows:

"The trustees of any school district, upon
the order of the county trustees prescribing
the terms thereof, when deemed advisable, may,
make sale of any property belonging to said
school district, and apply the proceeds to the
purchase of necessary grounds, or to the build-
ing or repairing of schoolhouses, or place the
proceeds to the credit of the available school
fund of the district."

Of course, this article was in contemplation that the
district would still be in existence and that another school-
house would probably be needed. It obviously does not cover
the situation under consideration, and an examination of the
laws of this State fails to reveal any provision, statutory
or otherwise, for the disposition of this money.

You ask whether the money may be placed in the county
permanent school fund. Our answer to this question is in the

Honorable John S. Baker, page #3

negative for the reason that the Constitution and statutes specifically provide what will constitute the permanent school fund of the county, and moneys of this character are not included. See Article VII, Section 6, Constitution of Texas; Title 49, Chapter 15 (Articles 2825, et seq.), Revised Civil Statutes of Texas, as amended.

School funds are impressed with a general education trust, and when their use is specified by statute, they are impressed with a specific trust limiting their use to such special ones. Love v. City of Dallas, 40 S. W. (2d) 20; 37 Tex. Jur. 967, 968. The following is an excerpt from Texas Jurisprudence, Volume 37, page 969:

"Powers of boards and officers over funds belonging to school districts, and the manner in which those powers shall be exercised, are prescribed by statute, and the course prescribed by law must be followed to the exclusion of all other methods."

We quote the following from the opinion of the court in the case of San Benito Independent School District of Cameron County, Tex., v. Farmers' State Bank et al., 78 S. W. (2d) 741:

"It is too well settled to require citation, or any extended discussion, that a public fund collected and allocated for a particular public purpose cannot be lawfully diverted to the use of another particular public purpose * * *

" * * *

"The corporate school district, as are all municipal corporations, is but a trustee or guardian of the public funds coming into its possession under the law, and may disburse those funds only in the manner and for the purpose prescribed by law * * * "

Honorable John S. Baker, page #4

See also First National Bank of Athens v. Murchison Independent School District, 114 S. W. (2d) 382.

You are, therefore, advised that the money received for the sale of the property may not be deposited to the credit of the county permanent school fund.

The only expression relating to the disposition of moneys realized from the sale of common school district property is found in Article 2753; that is, such money should be applied to the purchase of necessary grounds or to the building or repairing of schoolhouses, or the money should be placed to the credit of the available school fund of the district.

The common school district in question has been rendered non-existent because all the property formerly located within its boundaries has been taken by the Federal Government for use as an army camp. The terms of Article 2753 cannot be carried out and are, therefore, not applicable. This is a situation not contemplated by the Legislature and one upon which the Legislature has not yet acted. It is a proper field for legislation; however, until the Legislature does act, we are impelled to the conclusion that the money in question constitutes a trust fund and the trustees of the school district are trustees of the money and are responsible for its proper custody and safekeeping.

APPROVED APR 19, 1943

ASSISTANT
GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

George W. Sparks
Assistant

GWS-s

O.K.
e.c.R.


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN